```
```

VELMA K. LIM, SBN: 111006
KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON
7540 Shoreline Drive
Post Office Box 692050 (95269-2050)
Stockton, California 95219
Telephone: 209/478-2000
Facsimile: 209/478-0354

Attorneys for Defendant
LODI LODGE NO. 1900, THE BENEVOLENT
AND PROTECTIVE ORDER OF ELKS USA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DOMINGO GARCIA, | Case No. 2:08-CV-02018-DAD |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| LODI LODGE NO. 1900, THE BENEVOLENT AND PROTECTIVE ORDER OF ELKS USA, and DOES 1-10, | |
| Defendants. / | |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential Information is information that falls into any of the following categories:

    (a) personnel information and files including but not limited to full names, addresses, telephone numbers, social security numbers, wages and income of former and current employees of Lodi Elks Lodge;

//

|   |   |   |
|---|---|---|
| (b) | medical records and information concerning former and current employees; |
| (c) | financial records and information concerning Lodi Elks Lodge; |
| (d) | business plans and forecasts of Lodi Elks Lodge; |
| (e) | personal information of Lodi Elks Lodge's members, including but not limited to names, addresses, telephone number, and social security numbers. |

The parties have legitimate privacy rights in this information and its disclosure to unauthorized third parties is likely to produce annoyance, embarrassment, oppression, or undue burden or expense to the parties. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2.   Confidential documents shall be so designated by stamping and/or labeling copies of the document produced to a party with the legend, "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER".  Stamping this legend on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.   Testimony taken at a deposition, conference, hearing, or trial may be designated as confidential by agreement of the parties to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to bind separately such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.   Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.   Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel of record for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a.  Any party, including those officers, directors, or employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b.  Third party contractors (including their employees) retained by any party or attorney to assist in copying, organizing, filing, storing, or retrieving Confidential Material, but only to the extent necessary to perform such work;

    c.  Experts (including consultants and investigators), together with their clerical staff, retained by any party or attorney to assist in the prosecution, defense, or settlement of this action, but only to the extent necessary to perform such work;

    d.  A witness who has knowledge or relevant testimony about the confidential information at any deposition or other proceeding in this action;

    e.  Court reporter(s) employed in this action; and,

    f.  Any other person as to whom the parties agree in writing.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a copy of the agreement attached as Attachment A.

  6.  Depositions shall be taken only in the presence of qualified persons.

  7.  This Order shall apply only to materials disclosed by the parties pursuant to discovery, agreement or otherwise in this action. Nothing herein shall impose any restrictions on a party from disclosing its own Confidential Material as it deems appropriate.

  8.  If a document or portion of a document containing Confidential Material is filed with the Court, it shall be labeled "Confidential– Subject to Protective Order" and filed under seal **in accordance with court rules regarding the sealing of documents**.

  9.  Any law and motion, pleadings, briefs, or other legal memoranda filed with the Court shall have a public edition filed with redacted portions addressing or discussing confidential information protected by this Stipulation and Order. **The party filing such document will move the Court for permission to file a full, unredacted edition of the document under seal. Such document shall be filed in accordance with Court rules regarding the sealing of documents.**

//

//

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. The inadvertent or unintentional disclosure of Confidential Material either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any such inadvertently or unintentionally disclosed Confidential Material shall be designated as confidential as soon as reasonably possible after the designating party becomes aware of the inadvertent or unintentional disclosure.

12. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof, with the exception of one archival copy of deposition

1  exhibits, transcripts, Court exhibits and comments included in submissions to the Court which may
2  be retained by counsel of record for a party.

3

4  DATED: June 10, 2009.                    KROLOFF, BELCHER, SMART,
                                            PERRY & CHRISTOPHERSON
5

6
                                            By: /s/
7                                               VELMA K. LIM
                                                Attorneys for Defendant LODI LODGE NO. 1900,
8                                               A MEMBER OF THE BENEVOLENT AND
                                                PROTECTIVE ORDER OF ELKS USA
9

10

11 DATED: June 10, 2009.                    LAW OFFICES OF ADAM WANG
12

13

14                                          By: /s/
                                                ADAM WANG
15                                              Attorney for Plaintiff  DOMINGO GARCIA

16

17                                         **ORDER**

18      Pursuant to the foregoing stipulation between the parties, IT IS HEREBY SO
19 ORDERED.
20 DATED: June 12, 2009.
21
22                                         _____
                                           DALE A. DROZD
23                                         UNITED STATES MAGISTRATE JUDGE
24
25
26 Ddad1/orders.consent/garcia2018.protectord
27
28

                                    5                    STIPULATED PROTECTIVE ORDER

**ATTACHMENT "A" TO STIPULATED PROTECTIVE ORDER**

I, _____, have been provided with a copy of the Stipulated
         (Name)
Protective Order in Garcia v. Lodi Lodge No. 1900, the Benevolent and Protective Order of Elks USA, United States District Court for the Eastern District of California, Civil Action no. 2:08-CV-02018-LLK-DAD  I have read and understand the contents of the foregoing Stipulated Protective Order.  Therefore, I agree to comply with the aforementioned Stipulated Protective Order and to maintain confidential material and information made known to me private and confidential and agree to not disclose the confidential information or material to any other person or entity, with the exception that if I am a retained consultant or expert in this legal action, my professional and office staff may review the confidential material for the purposes of performing work to assist me in performing my consultant or expert services.

Dated: _____    _____
                                                                              (Name)

G:\DOCS\DAD\DDAD1\ORDERS.CONSENT\garcia2018.protectord.wpd (gp/ss)